**H. H. PERKINS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 20, 1961.

Rehearing Denied Jan. 26, 1962.

Joe S. Feather, R. L. Brown, Williamsburg, for appellant.

John B. Breckinridge, Atty. Gen., Pleas E. Jones, Commonwealth Atty., Williamsburg, for appellee.

CLAY, Commissioner.

This appeal was allowed on motion and it involves the liability of a surety on an appeal bond executed after the conviction of one Durham for grand larceny.

The penal sum of the bond was $2,000. In form it was a bail bond as designated in section 82 of the Criminal Code of Practice, which is normally executed by a defendant, charged with a crime, before trial. However, there is an interlineation of "the Court of Appeals", indicating the bond was executed for appeal purposes.

Appellant's first contention is that the bond is so irregular as to create no as-

certainable obligation on the surety. The Commonwealth urges that section 85 of the Criminal Code of Practice is controlling. It provides in substance that no "bail bond or bail recognizance" shall be deemed invalid for irregularity provided certain conditions are met. It is questionable that this Code provision applies to bonds after conviction executed under section 75 thereof. However, the policy codified by section 85 would apply equally to a bond of this nature. The consideration of the bond is the release of the prisoner. When the Commonwealth in reliance on the obligation of the bond does release the prisoner, the obligor should not be permitted to rescind his undertaking on the ground that the form of the bond is defective.

�service ▪ It is next contended that since the court clerk advised appellant that the amount of the bond would be $500, after it was signed in blank the amount could not be raised to $2,000, which was the penal sum fixed by the court. In view of the fact that appellant, a professional bondsman, customarily executed bonds of this nature in blank, with presumed knowledge that under section 75 of the Criminal Code of Practice only the trial judge could fix the amount thereof, we are of the opinion he impliedly authorized the clerk to fill in the correct amount. See 8 Am.Jur., Bonds, Section 12 (page 711); Gary v. State, 11 Tex.App. 527.

▪ It is finally urged the circuit court could not properly forfeit the bond for failure of the convicted defendant to take an appeal because no judgment of conviction and sentence had been entered prior to the hearing on the bond forfeiture. (At the time the circuit court entered a nunc pro tunc order).

The judgment of sentence should have been entered on November 7, 1958. Thereafter the defendant took steps to appeal as if a judgment had been entered on that date. This appeal was abandoned, not because no judgment had been entered, but for some other reason. The appeal bond was executed on November 14, 1958, and he remained free of custody until the bond was forfeited on January 14, 1961.

The purpose of the execution of the bond by appellant was to obtain defendant's freedom pending an appeal. Since the appeal was abandoned for reasons other than for the failure to enter judgment, it was incumbent on the defendant to surrender himself to the court after the purpose for which the bond was executed had been fulfilled. In the absence of a showing that the defendant intended to take an appeal after the entry of the nunc pro tunc order, we believe the court properly forfeited the bond.

The judgment is affirmed.