Marjorie Jean GILFORD et al.

v.

The STATE of Texas, Appellee.

Nos. 34709, 34710.

Court of Criminal Appeals of Texas.

Oct. 31, 1962.

Rehearing Denied Jan. 2, 1963.

C. C. Divine, Houston, for appellants.

Henry Wade, Dist. Atty., Emmett Colvin and James M. Williamson, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

This is a consolidated appeal by Marjorie Jean Gilford, appellant-principal, and C. C. Divine and H. G. Divine, appellant-sureties, from final judgments of bail bond forfeitures in two cases rendered against them in the Criminal District Court No. 3 of Dallas County, Texas.

Appellants, by brief and oral argument, urge twelve contentions as error.

It is the contention of appellants, defendant-sureties, that although they admit executing the bail bonds, they seek to relieve themselves from liability thereon by alleging subsequent material alterations therein. Appellants filed a plea of non est factum in the trial court along with some special exceptions which were overruled by the trial court. The record reflects that the sureties resided in Harris County, Texas, and that they executed the bail bonds there. The forms of bail bonds were presented to the sheriff of Harris County, who certified as to the solvency of such sureties.

The accused-principal was at this time confined in the Dallas County jail by reason of felony complaints filed in Justice of Peace Court, Precinct 1, Place 2, of Dallas County. The principal amounts of the bail required and the court in which the accused must bind herself to appear had not been then set or determined by the proper officials of Dallas County, wherein such felonies were alleged to have been committed. At the time of the execution of the bail bonds by the sureties in Houston, the blank spaces provided in the forms of bail bond used in the instant cases for the insertion of the principal amounts of the bonds and for the insertion of the name of the court to which the accused-principal must bind herself to make her appearance were not filled out but were left blank.

The testimony of C. C. Divine reflects that he was a Houston attorney and that Rex Emerson was an associate attorney. It was Mr. Divine's testimony that he and his brother, H. G. Divine, were both in Houston on the date of the approval of the bail bonds, but he said: "I did have an attorney, associate attorney, who was officing there, by the name of Rex Emerson." The evidence reflects that Mr. Emerson's name was on the front of the bond, not as a surety, but apparently as the attorney in the case. The evidence is uncontroverted that the bail bonds as introduced in evidence were in exactly the same condition as to form and wording as they were at the time such bail bonds were presented to O. H. Shields, Deputy Sheriff of Dallas County, for approval, and were officially approved by him. The bonds were introduced in evidence and are brought forward as exhibits with the statement of facts. The wording: "Seven Hundred & Fifty ($750.00)" [Dollars] is written in longhand in pen and ink, in both bonds. One bond has written in, in longhand: "Forgery and Attempt to Pass," and the other bond has written in, in longhand: "Forgery and Passing." The wording: "Criminal District Court of Dallas County" is written in, in longhand, in both bonds.

We hold that in cases like this, where the defendant-sureties admit they executed the bail bonds containing blank spaces, the completion of the bail bonds by properly filling in such blank spaces with necessary and proper information is not an alteration of such bail bonds and the bonds

are enforceable as so filled out. Gary v. State, 11 Tex.App. 527–531, Syl. 2; National Union Fire Ins. Co. v. Peck et al., Tex.Civ.App., 296 S.W. 338, Syl. 6 and 7, p. 341 (Writ dismissed); Perkins v. Commonwealth of Kentucky, Ky., 352 S.W.2d 551, Syl. 4, p. 552, citing Gary v. State, supra.

 Appellants also contend that the bail bonds were not witnessed, acknowledged, or sworn to. Art. 273, Vernon's Ann.C.C.P., is authority for a bond to be sufficient without being witnessed or acknowledged.

We have carefully examined all the other contentions made by appellants, and we find no merit in them.

The two respective judgments of the trial court are affirmed.